**Alfred P. REEVES, Plaintiff,**

v.

**CONTINENTAL EQUITIES CORPORA-TION OF AMERICA and Continental Corporation, Defendants.**

**No. 89 Civ. 4438 (KTD).**

United States District Court, S.D. New York.

Nov. 20, 1989.

Eikenberry Futterman & Herbert, New York City (Stanley Futterman, of counsel), for plaintiff.

Vedder, Price, Kaufman, Kammholz & Day, New York City (Alan M. Koral, Michael W. Sculnick, of counsel), for defendants.

MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff Alfred P. Reeves brings this action for damages arising from his discharge from defendant Continental Equities Corporation of America, a wholly-owned subsidiary of defendant Continental Corporation (collectively "Continental"), and for non-payment of severance benefits under an employee benefit plan. In his complaint Reeves alleges fives claims, as follows:

(1) for damages under § 48(b) of the Investment Company Act of 1940, as amended, 15 U.S.C. § 80a–47(b) (1988) (the "1940 Act") because he was discharged in an attempt to hinder or obstruct him from making reports required thereunder;

(2) pendent claim under New York law for wrongful discharge;

(3) pendent claim under New York law for severance benefits;

(4) claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461 (1982) for severance benefits; and

(5) pendent state claim for unreimbursed business expenses.

Continental moves pursuant to Fed.R. Civ.P. 12(b)(1) and (6) to dismiss the first, second, third, and fifth claims and pursuant to Fed.R.Civ.P. 56 for summary judgment on the fourth claim.

Reeves served as both Chief Financial Officer of Continental Asset Management Funds and Chief Compliance Officer of Continental Equities until 1988, when he requested to be relieved of his duties as a financial officer to concentrate on compliance responsibilities. Complaint ¶ 21. He was discharged on June 29, 1988. Com-

plaint ¶ 34. Continental alleges that Reeves was involuntarily terminated for failure to perform his duties as Chief Financial Officer as well as for improprieties in reporting his personal expenses. Reeves alleges that he was fired for attempting to conduct an investigation for Securities' Act violations of Continental's sales practices.

■ Reeves' first claim asks this court, as a matter of first impression, to imply a private cause of action under § 48(b) of the 1940 Act. Section 48(b) makes it "unlawful for any person without just cause to hinder, delay, or obstruct the making, filing, or keeping of any information, document, report, record, or account required to be made, filed or kept under any provision of this subchapter or any rule, regulation, or order thereunder." Reeves seeks compensatory damages on the grounds that he was discharged to prevent his making a report required under the 1940 Act.

No implied private cause of action for damages under § 48(b) arising from an alleged wrongful discharge has ever been recognized by any court, nor should it be. Reeves argues that such a right arises simply from the allegation that his discharge was motivated by an intention to hinder or obstruct the making of a report required by the 1940 Act. The plain language of the 1940 Act reveals no such intent to imply a private right to damages for the wrong alleged here. Neither does Reeves point to any persuasive evidence, explicit or implicit, of congressional intent to imply such a right, which is " 'the essential predicate for implication of a private remedy.' " *Karahalios v. National Fed'n of Fed. Employees,* — U.S. —, 109 S.Ct. 1282, 1286, 103 L.Ed.2d 539 (1989) (quoting *Thompson v. Thompson,* 484 U.S. 174, 108 S.Ct. 513, 98 L.Ed.2d 512 (1988)).

Moreover, Reeves clearly does not fall within the class of persons sought to be protected by the 1940 Act. In enacting the 1940 Act, Congress " 'intended to provide a comprehensive regulatory scheme to correct and prevent certain abusive practices in the management of investment companies *for the protection of persons who put up money to be invested by such compa-*

*nies in their behalf.' " Independent Investor Protective League v. SEC,* 495 F.2d 311, 312 (2d Cir.1974) (quoting *Herpich v. Wallace,* 430 F.2d 792, 816 (5th Cir.1970)) (emphasis added by Second Circuit). And Reeves' assertion that he is entitled to such a private cause of action merely as member of the "national public" is wholly without foundation for it ignores the requirement that a private civil remedy be implied only for persons for whose "especial benefit" the statute was enacted. *See Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975). Accordingly, Reeves' first claim must be dismissed.

■ Reeves' only other federal claim is his fourth claim for severance benefits under ERISA. Continental has established procedures for termination of employees and for providing certain specified severance pay and benefits, and published these procedures in its Human Resources Policies Manual (the "Manual"). *See* Complaint, Exh. D. Reeves was admittedly aware of the Manual both before and during his employment with Continental. Complaint ¶ 45. Reeves also recognizes that the Manual's provisions providing for payment of severance benefits constitutes an employee benefit plan within the meaning § 3(1) of ERISA, 29 U.S.C. § 1002(1). Complaint ¶ 60.

Continental's Manual plainly provides that severance benefits are not paid to employees whose employment is terminated for any reason other than pursuant to a reduction in force. Continental has in fact followed this policy. Affidavit of Peter Noble, Annexed to Defendants' Notice of Motion to Dismiss, ¶¶ 4–6. There is no indication that Reeves was discharged as a result of a reduction in force, and Reeves does not so allege in his complaint. Indeed the gravamen of Reeves' complaint is that he was wrongfully discharged for attempting to comply with federal law. His subsequent assertion that his dismissal constituted a reduction in force because he was not replaced is unpersuasive. As such, I find that Reeves was not covered by the severance policy and therefore is ineligible for benefits pursuant to its terms. His fourth

**198**

claim under ERISA is accordingly summarily dismissed.

In sum, Continental's motion under Fed. R.Civ.P. 12(b)(6) to dismiss Reeves' first claim is granted. Continental's motion for summary judgment dismissing Reeves' fourth claim is also granted. Because the federal claims are dismissed at this early stage in the litigation, the remaining pendent state claims fall as well. There being no other grounds for jurisdiction in this court, the complaint is therefore dismissed in its entirety.

SO ORDERED.